UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CHRISTOPHER JARNIGAN, | ) |   |   |
|---|---|---|---|
|   | ) |   |   |
| Plaintiff, | ) |   |   |
|   | ) |   |   |
| v. | ) | No.: | 3:19-CV-349-HSM-DCP |
|   | ) |   |   |
| RODNEY STINNSON, | ) |   |   |
|   | ) |   |   |
| Defendant. | ) |   |   |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. Before the Court is Defendant Stinnson's motion to dismiss this action based on Plaintiff's failure to prosecute and comply with orders of the Court [Doc. 15]. Plaintiff has failed to respond to the motion, and the deadline to do so has passed. For the reasons set forth below, Defendant's motion will be **GRANTED**.

**I.    PROCEDURAL HISTORY**

On November 6, 2019, this Court screened Plaintiff's complaint in accordance with the Prison Litigation Reform Act and directed the Clerk to send Plaintiff a service packet for Defendant Stinnson [Doc. 9 p. 6 ¶ 8]. Plaintiff was ordered to complete the service packet and return it to the Clerk's Office within twenty days of receipt of the screening order [*Id.*]. Plaintiff was warned that failure to return the completed service packet could result in the dismissal of this action [*Id.* ¶ 10]. Despite this warning, Plaintiff failed to return the completed service packet, and consequently, he failed to serve Defendant Stinnson. On December 12, 2019, Defendant Stinnson filed a motion to dismiss this action, claiming that Plaintiff had failed to prosecute his case, failed

to comply with orders of the Court, and failed to sufficiently serve Defendant Stinnson with process [Doc. 15].

## II. DISCUSSION

The Court evaluates Federal Rule of Civil Procedure 41(b) in determining whether to grant Defendant's motion. Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 31(b); *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, the Court set form a specific process and time frame for completing and returning the service packet, and Plaintiff nevertheless failed to adhere to the Court's Order. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has prejudiced Defendant, as Defendant was forced to expend funds in attorney's fees in relation to the time necessary to file the instant motion. Therefore, this factor weighs in favor of dismissal.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to prosecute and comply with the Court's order [Doc. 9 ¶ 12]. Thus, this factor weighs in favor of dismissal.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner proceeding proceed *in forma pauperis* [Doc. 9], and he has disregarded the Court's orders and has otherwise failed to communicate with the Court. Accordingly, this factor weighs in favor of dismissal.

### III. CONCLUSION

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). Therefore, Defendant's motion [Doc. 15] will be **GRANTED**, and this action will be **DISMISSED WITHOUT PREJUDICE**. The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

    */s/ Harry S. Mattice, Jr.*
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE